IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD WESLEY MILLER,

      Petitioner,

      v.

GEORGE BALDWIN,

      Respondent.

Case No. 3:96-cv-00114-CL

ORDER

Aiken, Judge:

On April 7, 2016, Magistrate Judge Clarke issued his Findings and Recommendation, recommending that petitioner's amended petition and supplemental claim for writ of habeas corpus be denied. Petitioner objects.

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner filed timely objections to the Findings and Recommendation, and I have given *de novo* review to Magistrate Judge Clarke's ruling.

1   - ORDER

The extensive facts and complicated procedural background of this case are set forth in the parties' briefing and in the Findings and Recommendations and will not be repeated here. In essence, petitioner claims that joinder of two murder charges for trial violated his federal constitutional rights to due process and rendered his trial fundamentally unfair. Petitioner also asserts claims of ineffective assistance by trial and appellate counsel based on their failure to raise or federalize petitioner's due process claims on appeal and during post-conviction relief proceedings.

Like Magistrate Judge Clarke, I have serious concerns about the joinder of murder charges in defendant's case. However, as Judge Clarke thoroughly explained, petitioner's federal due process claim and related ineffective assistance of counsel claims are procedurally defaulted. Moreover, even if the claims were not barred procedurally, the fact remains that the state trial court found, based on state law, that evidence supporting each charge was cross-admissible as to the other charge. Consequently, if the charges had been severed for trial, the same evidence would have been admitted in each trial. *See David v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2003) ("in evaluating prejudice, the Ninth Circuit focuses particularly on cross-admissibility of evidence"). This Court is bound by the state court's interpretation of state law and its factual findings on cross-admissibility. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Therefore, as found by Magistrate Judge Clarke, petitioner cannot establish prejudice resulting from or counsel's failure to federalize his due process claims so as to warrant habeas relief.

2    - ORDER

In sum, I agree with Judge Clarke's thorough and reasoned analysis of petitioner's claims, and I find no error. Petitioner's claims 8A through 8D are barred by procedural default, claim 8E fails on the merits, and claims 9A through 9I, 10A through 10F, 11A, 11B and the Supplemental Claim are barred by procedural fault or fail on the merits.

Accordingly, Magistrate Judge Clarke's Findings and Recommendation (doc. 135) is ADOPTED. The Second Amended Petition (doc. 94) and the Supplemental Claim (doc. 134) for writ of habeas corpus are DENIED, and this action is DISMISSED. If petitioner files a notice of appeal, a certificate of appealability shall be GRANTED.

IT IS SO ORDERED.

Dated this _19th_ day of July, 2016.

_____
Ann Aiken
United States District Judge

3    - ORDER